IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                                         CIV 12-0832 WJ/KBM
                                                                         CR  10-3374 WJ

JOSE CARMEN RIVAS-AISPURO,

    Defendant-Movant.


## PROPOSED FINDINGS
## AND
## RECOMMENDED DISPOSITION

    THIS MATTER is before the Court on Jose Rivas-Aispuro's motion[1] seeking habeas relief under 28 U.S.C. § 2255 and the United State's response. *See Docs. 1, 7.* All of the issues can be resolved on the pleadings, and the record conclusively establishes that Petitioner is not entitled to relief. Accordingly, I find that an evidentiary hearing is not necessary. *See, e.g., United States v. Smith,* 421 F. App'x 889, 902 (10th Cir. 2011). I recommend that the petition be denied and this action dismissed with prejudice.

    Petitioner pleaded guilty to conspiracy to distribute heroin, and District Judge Johnson sentenced him to sixty-six months incarceration, followed by a term of four years unsupervised

---

[1] The federal form labels a § 2255 action as initiated by a "motion," but the Tenth Circuit and this Court refer to the document as a "petition" and to the inmate as "petitioner." *See, e.g., United States v. Viera,* 674 F.3d 1214, 1217 (10th Cir. 2012); *United States v. Nick,* CIV 11-0217 MCA/KBM (Doc. 14). Unless otherwise noted, citations to *"Doc."* are the documents filed in this civil action.

release. *See United States v. Rivas-Aispuro,* CR 10-3374 WJ (Docs. 49, 52, 77).[2]  He now asks the Court to reduce his sentence or to grant him immediate supervised release. *See Doc. 1* at 15. If the petition is granted, the likely consequence would be that Petitioner will be deported sooner.  Under the terms of the plea, Petitioner acknowledged that he desired to "plead guilty regardless of any immigration consequences," "consent[ed] to removal . . . following the completion of [his] sentence," agreed to waive any rights "relating to any and all forms of relief from removal or exclusion," and agreed "to cooperate with the Department of Homeland Security during removal proceedings." *Id.* (Doc. 52 at 10, 11).  Attachments to his petition indicate that he has done so and stipulated to immediate deportation once his sentence is complete. *See Doc. 1* at 16.

As grounds for relief, Petitioner cites two related instances of ineffective assistance of counsel. *See id.* at 4-7.  Under *Strickland,* Petitioner is required to demonstrate that counsel's conduct was constitutionally deficient, and that but for the conduct, the result of the proceeding would have been different.  Failure to make either showing defeats the claim. *E.g., Smith v. Robbins,* 528 U.S. 259, 286, n.14 (2000); *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Petitioner cannot prevail on either prong.

As an initial matter, the United States contends that the claims are barred by the terms of the plea agreement, which waived Petitioner's right to file a direct appeal challenging his conviction or sentence, but specifically reserved his right to "collateral[]ly attack [the] conviction [under] 2255 . . . on the issue of counsel's ineffective assistance in negotiating or

---

[2] Magistrate Judge Schenider conducted the plea hearing by consent.  Those proceedings were taped, and the Clerk's minutes are a boilerplate checklist.  *See United States v. Rivas-Aispuro,* CR 10-3374 WJ (Docs. 51, 53).  District Judge Johnson conducted the sentencing hearing and the comments section of the Clerk's minutes note, among other things, that Petitioner's attorney had no objections to the presentence report and the parties and the Court discussed the proper Guidelines calculation.  As there was no appeal, neither hearing was previously transcribed and filed of record.

entering this plea or this waiver." *Id.* (Doc. 52 at 10). The United States argues that the exception applies only to counsel's actions associated with the guilty plea and that the issues Petitioner raises regarding immigration and deportation instead pertain to sentencing. The Court questions that the distinction is so stark, in light of the recent Supreme Court decision that arguably encompasses the proposition that sentencing considerations are generally part and parcel of plea negotiations. *See Missouri v. Frye,* ___ U.S. ___, ___, 132 S. Ct. 1399, 1409-10 (2012). That aside, the Tenth Circuit's *Cockerham* decision does recognize that a waivers can be enforced for some purposes and not others. However, resolution of the scope of a waiver is highly fact- and case-specific. *See United States v. Chockerham,* 237 F.3d 1179, 1184, 1190 (10th Cir. 2001); *see also, e.g. United States v. Viera,* 674 F.3d 1214, 1218-19 (10th Cir. 2012). Also, in "determining a waiver's scope, [the Court] will strictly construe appeal waivers" and read "any ambiguities in these agreements . . . against the Government." *United States v. Bell,* 437 F. App'x 658, 661 (10th Cir. 2011) (internal quotations and citations omitted).

In *Cockerham,* the Tenth Circuit defined "validity of the plea" to mean "the negotiation or entering of the plea and waiver," the exact waiver exception language at issue here. *Id.* at 1184.[3] There, counsel's failure to properly inform a client of a potential *Bailey* insufficiency of the evidence argument for a § 924(c) conviction could "reasonably be construed as an attack on

---

[3] *Cockerham* cited and discussed the three nonbinding decisions the United States also relies upon. These cases are not persuasive authority for the outcome the United States seeks. *See Doc. 7* at 3 (citing *United States v. Flunker,* No. Crim. A. 98057, 2000 WL 823469, at **5, 7 (E.D. La. Jun. 23, 2000); *Thompson v. United States*, No. 9-C-1778, 2000 WL 821711, at **2-3 (N.D. Ill. Jun. 23, 2000); *United States v. Carrasco,* No. 99-C-559, 999 WL 286083, at **2–3 (N.D. Ill. Apr. 29, 1999)). *Cockerham* noted that those decisions "have distinguished between a claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing." *Cockerham,* 237 F.3d at 1185. It also noted, however, that the "courts that have differentiated between ineffectiveness claims attacking the validity of the plea or waiver and claims challenging counsel's performance with respect to sentencing have not adequately explained why they make this distinction." *Id.* at 1186. Furthermore, although each of those three decisions involved challenges about the propriety of a downward departure, none of them involve the same waiver language or deportation-related ineffectiveness claims at issue here.

the validity of the plea agreement." *Id.* at 1190.  Here, Petitioner's plea specifically embodies immigration and deportation consequences, so counsel's deficiencies in those areas arguably fall within the scope of the "negotiating plea or waiver" exception under *Cockerham. See also, e.g., Viera,* 674 F.3 at 1219 (waivers that will result in miscarriage of justice are unenforceable; one of the four recognized situations where that occurs is "where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid").

As for the merits, the two grounds Petitioner raises are identical in all material respects to another § 2255 matter where District Judge Herrera adopted this Court's recommended disposition and dismissed the petition.  *See United States v. Villaescuesa-Lara,* CIV 12-0470 JCH/KBM (Docs. 6, 7) (proposed findings adopted 8/1/12).  There, as here, Petitioner first asserts that his attorney was ineffective due to a 1995 memorandum from the Attorney General that authorizes prosecutors to offer a two-point "downward departure" when a defendant "accepts a final deportation order." *Doc. 1* at 4-5.  Petitioner plainly asserts that his attorney did not inform him about this option.  He also appears to complain that he did not receive the benefit of the two-points, which is akin to the alternative claim in *Villaescesa* that counsel was ineffective for failing to insist that the United States exercise the departure.  *See United States v. Villaescuesa-Lara,* CIV 12-0470 JCH/KBM (Doc. 6 at 4); *see also Doc. 1* at 5 ("But my lawyer never gave me instruction about this theme.  Then in gross consequence, the opportunity of the downward departure did not work into my sentence.").

Neither claim affords a basis for relief.  As *Villaescuesa* provides:

> . . . "[u]nder the applicable Federal Sentencing Guidelines, there is no downward departure available for a defendant's consent to deportation following the completion of his sentence." *Jarvis v. United States*, No. 10–cv–5693 (ENV), 2012 WL 34091, at *4 (E.D.N.Y. Jan. 6, 2012).

> The 1995 memorandum . . . affords no basis for relief. Cases uniformly have rejected such claims. They hold that the memorandum does not give defendants who consent to deportation an automatic and mandatory downward departure, and that counsel are not ineffective for failing to pursue that avenue. *See, e.g., Rosario v. United States,* 625 F. Supp. 2d 123, 131 (S.D.N.Y. 2008); *United States v. Hernandez-Montealegre,* 445 F. Supp. 2d 646, 653-54 (E.D. Va. 2006); *United States v. Astacio,* 14 F. Supp. 2d 816, 820 (E.D. Va. 1998); *United States v. Angel-Martinez,* 988 F. Supp. 475, 481-82 (D.N.J. 1997); *United States v. Beltran-Palafox,* Nos. 09–40022–01–JAR, 12–4016–JAR, 2012 WL 899262, at *3 (D. Kan. Mar. 16, 2012). Even the U.S. Attorney offices that decided to adopt an automatic one-level departure policy discontinued that practice in the late 1990's. *Jarvis,* 2012 WL 34091, at *4.
>
> One court notes in its conclusion that the 1995 memorandum was superceded by the availability of the "fast track" program for those defendants charged solely with illegal reentry. *See Anvila-Sanabria v. United States,* No. 2:07-CV-00383 PGC, 2007 WL 2688244, at * 2 (D. Utah Sept. 11, 2007). . . . *see also United States v. Calderon,* CIV 10-618 JB/LAM (Doc. 14 at 2 n. 2) ("Congress approved early disposition or fast- track programs. Regarding illegal re-entry cases, "the fast track program currently implemented in the District of New Mexico is a departure-based program"). Tenth Circuit decisions have held that a defendant's status as a deportable alien is not grounds for a downward departure, and counsel is not ineffective in failing to move for one, unless the Attorney General has affirmatively "sanctioned" the departure on that basis. *See United States v. Aguilar,* 105 F. App'x 961, 962-63 (10th Cir. 2004) (and cases discussed therein). However, Petitioner does not assert that he qualified for a "fast-track" plea under New Mexico's fast-track program, and furthermore, even if he did, there was no Attorney General sanction for that treatment. Accordingly, the alternative construction of this claim does not afford a basis for relief.

*United States v. Villaescuesa-Lara,* CIV 12-0470 JCH/KBM (Doc. 6 at 5-6); *see also, e.g., Doc. 7* at 4-11 (and arguments and authorities cited therein); *Docs. 7-1 – 7-3* (copies of 1995 memorandum, instructions for implementing, and fast track programs memorandum).

As in *Villaescuesa,* Petitioner's second claim rests on the argument that counsel was ineffective in failing to argue in favor of immediate deportation as a condition of supervised release. *See United States v. Villaescuesa-Lara,* CIV 12-0470 JCH/KBM (Doc. 6 at 6); *Doc. 1* at 6-7. Nowhere does Petitioner assert that he would have not pleaded guilty and insisted upon going to trial but for this failure. Furthermore, the United States observes that Petitioner "faced a sentence of five to 40 years imprisonment," yet his attorney "successfully negotiated a sentence of 66 months (five years and six months)." Doc. 7 at 11. Thus,

> Petitioner fails the second *Strickland* prong with this argument. To establish prejudice in the context of a guilty plea, Petitioner must show that because of this error by counsel he would not have pleaded guilty and insisted on going to trial. *See, e.g., United States v. Moya,* 676 F.3d 1211, 1213-14 (10th Cir. 2012). Not only is there no allegation by Petitioner along these lines, the record [suggests] exactly the opposite.

*United States v. Villaescuesa-Lara,* CIV 12-0470 JCH/KBM (Doc. 6 at 7); *see also Doc. 7* at 12-14 (and arguments and authorities cited therein).

Wherefore,

**IT IS HEREBY RECOMMENDED** that the § 2255 petition (*Doc. 1* in the civil action and *Doc. 126* in the underlying criminal action), be denied and this action dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE